UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, Jr., Booking No. 22726041,<br><br>  Plaintiff,<br><br>vs.<br><br>CHASE BANK, JOHN DOE,<br><br>  Defendants. | Case No.: 3:22-cv-01320-JO-DDL<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (ECF Nos. 2–3 )**<br><br>**AND**<br><br>**(2) DIRECTING PLAINTIFF TO PAY CIVIL FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff David Bryan Turner, Jr. ("Plaintiff" or "Turner"), currently detained at San Diego County Jail in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Turner claims a Chase Bank employee injured his leg, ankle, and foot when the employee opened the door of the bank and struck Turner with it. *Id.* at 1–3. Turner did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed motions to proceed *In Forma Pauperis* ("IFP"). ECF Nos. 2–3. For the

reasons set forth below, the Court denies Plaintiff's IFP motion and directs him to pay the civil filing fee to avoid dismissal.

## I. Discussion

In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA") § 804(g), 28 U.S.C. § 1915(g) (1996), provides that prisoners with "three strikes" or more cannot proceed IFP. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997). A prisoner has three strikes if

> on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from proceeding IFP in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).

Upon reviewing its docket and the Ninth Circuit docket, the Court finds that Plaintiff has several strikes that render him ineligible to proceed IFP. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). After checking for cases filed under the same name and comparing handwriting and signatures, it appears that Plaintiff, associated with San Diego County Booking No. 22726041, is the

same individual who filed the following five actions while associated with a different booking number:

(1) *Turner v. Metropolitan Transit System, et al.*, No. 3:09-cv-00770-L-POR (S.D. Cal. Nov. 11, 2009) (associated with San Diego County Sheriff's Department Booking No. 15780644); (Order denying amended motion to proceed IFP and dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) (ECF No. 6)) (strike one);

(2) *Turner v. Corporal Saunder (7294), et al.*, No. 3:13-cv-01368-MMA-DHB (S.D. Cal. June 18, 2013) (associated with San Diego County Sheriff's Department Booking No. 15780644) (Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b) and denying motion to proceed IFP as moot (ECF No. 3)) (strike two);

(3) *Turner v. County of San Diego, et al.*, No. 3:13-cv-02288-LAB-RBB (S.D. Cal. July 11, 2014) (associated with San Diego County Sheriff's Department Booking No. 15780644) (Order sua sponte dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C.§ 1915(e)(2) and § 1915A(b) (ECF No. 7)), No. 14-56249 (9th Cir. Nov. 11, 2014) (Order denying appellant's motion to proceed IFP "because we find that there is no non-frivolous issue presented in this appeal" (ECF No. 13)) (strike three)

(4) *Turner v. San Diego County, et al.*, No. 3:13-cv-02729-JLS-PCL (S.D. Cal. Nov. 19, 2014) (associated with San Diego County Sheriff's Department Booking No. 15780644) (Order granting IFP and *sua sponte* dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (ECF No. 13)); (March 20, 2015 Order dismissing case in its entirety for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for failing to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with Court Order requiring amendment (ECF No. 14)) (strike four);[1] and

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

(5) *Turner v. San Diego County, et al.*, No. 15-55544 (9th Cir. July 30, 2015) (appeal of 3:13-cv-02729-JLS-PCL, associated with San Diego County Sheriff's Booking No. 15780644) (Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" (ECF No. 4)) (strike five).[2]

Because Plaintiff has accumulated the above five "strikes" while incarcerated, he cannot proceed IFP unless he meets the "imminent danger" exception to the three strikes provision of the PLRA. In order to do so, his pleadings must contain a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). Here, Plaintiff alleges no injury or threat of injury other than the one he suffered on February 22, 2022, six months prior to the filing of his complaint and four months prior to his incarceration.[3] Plaintiff alleges that, on that date, an employee of the Chase Bank struck his leg and foot with a door while he was disabled and in a wheelchair. Compl., ECF No.1 at 1. Because Plaintiff was incarcerated at the time he filed his Complaint, the Court cannot find he was in imminent danger from Chase Bank or its employees, especially when the alleged event occurred six months prior to the filing of the Complaint. *Thomas v. Ellis*, No. 12-cv-05563-CW(PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding no "imminent danger" where prisoner's injuries occurred before incarceration). Because his complaint lacks plausible allegations of imminent injury, Plaintiff does not meet the "imminent danger" exception to the three strikes rule. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

/ / /

---

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal, on grounds of frivolousness, constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when [the appellant] did not pay the filing fee.").

[3] The San Diego County Sheriff's Department website shows Turner was booked on June 24, 2022. *See*, https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=5jiKfP3GMKRamUzbBcRXF19sP9r7k4uvOVBemjkNSRU%3d (last visited Nov. 28, 2022).

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF Nos. 2–3) as barred by 28 U.S.C. § 1915(g);

(2) **DIRECTS** Plaintiff to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a) no later than thirty (30) days from the date of this Order. If Plaintiff does not pay the civil filing fee by that date, the Court will dismiss the action.[4]

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: November 28, 2022

Hon. Jinsook Ohta
United States District Judge

---

[4] If Turner does pay the civil filing fee within the time stated, the Court will screen the Complaint pursuant to 28 U.S.C. § 1915A.